IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN FLORES NAVARRO, | § | |
| TDCJ #602579, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0479 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

State inmate Juan Flores Navarro has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from several disciplinary convictions entered against him. The respondent has answered with a motion for summary judgment. Pending before the Court is Navarro's third request for an extension of time to file a reply. Navarro has also filed a motion for appointment of counsel and a motion for leave to proceed *in forma pauperis*. These motions are addressed briefly below.

## I.    APPOINTMENT OF COUNSEL

Navarro requests the assistance of appointed counsel to file his reply to the summary judgment motion in this case. In support of that request, Navarro notes that he is a pauper and cannot afford counsel. Navarro notes further that he is untrained in the law and has lost contact with the inmate who had been assisting him previously in this case.

Habeas corpus proceedings in federal court are civil actions and, as such, there is no absolute constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *see also Browder v. Department of Corrections of Illinois*, 434 U.S. 257, 269 (1978); *Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). Navarro has already filed a memorandum in support of his petition in which he capably frames his request for habeas relief. (Docket Entry No. 2). This case arises in the prison disciplinary context. The claims made by Navarro and the issues presented by the summary judgment motion are straight forward. Complex legal research or factual investigation is not required for a reply.

Accordingly, it is **ORDERED** that Navarro's motion for appointment of counsel (Docket Entry No. 20) is **DENIED** at this time. However, if the Court finds that the interests of justice and due process so require, then it will appoint counsel *sua sponte* to represent the petitioner at a later time. *See* Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; *see also* 18 U.S.C. § 3006A(g).

It is further **ORDERED** that the motion for leave to proceed *in forma pauperis* filed by Navarro in support of his request for counsel (Docket Entry No. 20) is **MOOT**. The Court has already granted Navarro leave to proceed *in forma pauperis* in this matter.

## II.    EXTENSION OF TIME

Navarro has filed a third request for an extension of time to file his reply to the respondent's summary judgment motion.  So that Navarro can submit a response, it is **ORDERED** that Navarro's third motion for an extension of time (Docket Entry No. 21) is **GRANTED**.  Navarro shall file his response by placing it in the prison mail system on or before November 12, 2005.  No further extensions will be granted.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **October 24, 2005.**

Nancy F. Atlas
United States District Judge